UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON PERRY,

       **Plaintiff**

       CASE NO.:

v.

**THE CITY OF BARTOW, FLORIDA,**
**STACEY PERRY, an individual,**
**and PHIL J. HENRY, an individual,**

       **Defendants.**

       _____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, Jason Perry, sues the Defendants the City of Bartow (the "City"), Stacey Perry, an individual, and Phil J. Henry ("Henry"), an individual, and alleges as follows.

**INTRODUCTION**

1. This is an action for money damages under the Driver's Privacy Protection Act of 1994, and state laws to recover damages for Defendants' disregard for and invasion of the Plaintiff's personal privacy rights and interests.

2. To protect United States citizens' fundamental right to privacy under the United States Constitution and federal law, Congress has adopted a strict approach to the protection of privacy interests, particularly in the past twenty years. The Driver's Privacy Protection Act of 1994 ("DPPA") is one such safeguard of this right to privacy. DPPA protects the people against states and state officials obtaining, using, and disclosing citizens' highly personal information, which states and state officials gather and retain in

connection with the regulation of drivers' licenses. DPPA protects all United States citizens against improper access to, and disclosure and use of, citizens' personal information by law enforcement personnel.

3. The obtaining, use, and disclosure of Plaintiffs' personal information and highly restricted personal information occurred on October 10, 2011. Additional violations may be identified during the discovery conducted in this matter.

4. Each unauthorized access of a plaintiff's private information, made while acting under the color of state law, violated Plaintiff's rights and constituted behavior prohibited by federal statutes, and regulations prohibiting some or all of the conduct engaged in by Defendants in this case.

5. Plaintiff is entitled to a determination that his rights have been violated, and to monetary damages for these violations of federal law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' claims pursuant to 18 U.S.C. § 2721 *et seq*. (the Driver Privacy Protection Act), 28 U.S.C. §§ 1331 (federal question jurisdiction).

7. Venue in this District satisfies the requirements of 28 U.S.C. §1391(b)(2) because a substantial portion of the events and occurrences giving rise to the claim occurred in this District.

8. All conditions precedent to the maintenance of this action, including those which may relate to notice, have occurred, or have been performed or waived.

## THE PARTIES

9. Plaintiff Jason Perry is a resident of Polk County, Florida and a citizen of the United States of America.

10. Defendant The City of Bartow (the "City") was at all material times, upon information and belief, a municipality in the State of Florida which operated the Bartow Police Department as an agency of the City ("BPD").

11. Defendant Stacey Perry is a resident of Polk County, Florida and a citizen of the United States.

12. Defendant Henry is a resident of Polk County, Florida and a citizen of the United States.

## FACTUAL ALLEGATIONS

13. "Personal information" is defined in 18 U.S.C. § 2725(3) thus:

> Information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

14. "Highly restricted personal information" is defined in 18 U.S.C. § 2725(4) thus:

> An individual's photograph or image, social security number, medical or disability information.

15. BPD uses a variety of databases and systems for criminal investigations and intelligence. One such database is the Driver and Vehicle Identification Database ("DAVID").

16. DAVID permits law enforcement personnel to search Florida driver licenses, identification cards, and license plate (tags) as well as other private and highly-restricted personal information.

17. Access to the DAVID system is limited and approved by the Department of Highway Safety and Motor Vehicles ("DHSMV") subject to significant obligations imposed upon the City and BPD by both statutes and contract.

18. DHSMV provided access to DAVID to BPD for strictly protected law enforcement and investigative purposes.

19. Defendant Stacey Perry is Plaintiff's ex-wife, and conducted unlawful searches of Plaintiff's personal information in the DAVID system for unlawful personal reasons and to monitor Plaintiff's address.

20. Defendant Henry is employed by the City. The City and BPD failed to follow their own procedures and guidelines put in place to protect against the unlawful accessing and disclosure of Citizens' protected information in the DAVID system.

21. The City and BPD were aware of the misuse and abuse of the DAVID system, but took no steps to stop such abuse. The City and BPD's actions amounted to condoning the misuse of the DAVID system by its employees, who were at all times acting as agents of the City in the course of their duties.

22. Defendants' accessed Plaintiff's personal information in the DAVID system without a legitimate law enforcement purpose or other purpose allowed by law.

23. Plaintiff is a former Polk County Sheriff's Deputy. Defendant Stacey Perry was and continues to be employed as a dispatcher with BPD.

24. At the time Plaintiff's personal information was unlawfully accessed, Plaintiff was not the subject of any law enforcement investigation, nor was he in contact with any of

the Defendants in a manner which would give rise to a legitimate reason for their access of Plaintiff's personal information in the DAVID system.

25. At the time of the unlawful search, Plaintiff was known to Defendants as the ex-husband of Stacey Perry, a dispatcher with BPD. The divorce between Plaintiff and Stacey Perry was highly contentious, and was known to the other employees of BPD. Accordingly, the Defendants had an illegitimate and improper reason for accessing Plaintiff's protected information in the DAVID system.

26. On August 10, 2011, Defendant Henry, while acting as an employee of the City, and through the authority provided to him by the City and BPD, unlawfully accessed Plaintiff's personal information through the DAVID database.

27. Defendant Stacey Perry, on information and belief, either directed Henry to unlawfully access Plaintiff's personal information, or was allowed by Henry to access Plaintiff's personal information using Henry's user ID on the computer system for the purpose of concealing Stacey Perry's unlawful access of Plaintiff's personal information.

28. At the time Defendants accessed Plaintiff's personal information, they did not have a legitimate law enforcement purpose for doing so.

29. The City and BPD each had the duty and ability to control access to DAVID, and to ascertain that confidential personal information such as driver's license information was not being accessed by individuals who would have no proper purpose for doing so, or being accessed for improper or unlawful purposes. In fact, the City and BPD had implemented rules and guidelines designed to prevent misuse of the DAVID database.

30. The City and BPD each consistently failed to prevent unauthorized access to the database including access to Plaintiff's personal information by failing to follow their own guidelines, and despite the knowledge of the misuse of DAVID by its employees. The City and BPD's actions ratified and condoned the actions of Defendant Henry.

31. The City and BPD each knowingly disclosed Plaintiff's driver's license and other confidential and personal information and violated applicable law by condoning and permitting employees to misuse the system and violate the privacy rights of Plaintiff as protected by the DPPA.

32. The City and BPD failed to follow rules for protecting the privacy rights of Florida citizens whose confidential personal information is stored in DAVID.

33. The City and BPD are vicariously liable for the actions of its employees while they were acting within the scope of their employment and pursuant to the authority granted to them by the City and BPD.

34. The City and BPD entered into an agreement with DHSMV (the "MOU") under which BPD agreed and was further required to:

    a. Conduct quarterly quality controls on user accounts;

    b. Regularly monitor access of information; and

    c. Conduct annual audits to ensure proper use and dissemination.

35. The City and BPD failed to follow the guidelines they agreed to in the MOU and permitted employees of BPD to access the confidential personal information of Florida residents for improper purposes.

## COUNT I: 18 U.S.C. § 2721

**Violation of the Driver's Privacy Protection Act**
*Against All Defendants*
*Liquidated Damages, Punitive Damages, Attorneys' Fees and Costs*

36. Plaintiff realleges and incorporates the allegations of the above paragraphs 1 through 35.

37. The Driver's Privacy Protection Act, 18 U.S.C. § 2721 provides:

   **(a)** **Cause of Action.—** A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

   **(b)** **Remedies.—** The court may award—

   **(1)** actual damages, but not less than liquidated damages in the amount of $2,500;
   **(2)** punitive damages upon proof of willful or reckless disregard of the law;
   **(3)** reasonable attorneys' fees and other litigation costs reasonably incurred; and
   **(4)** such other preliminary and equitable relief as the court determines to be appropriate.

38. Plaintiff provided information to the DHSMV, including his home address, color photograph or image, social security number, date of birth, state of birth, detailed vehicle registration information and description, prior and current home and mailing addresses, emergency contacts and those contacts' private and highly-restricted personal information, in part, for the purpose of acquiring and using a Florida driver's license.

39. The DHSMV maintains Plaintiff's driving record and that information is made available to others via the DAVID system.

40. At no time did Plaintiff provide their consent for Defendants to access his information or make his information available, nor did Plaintiff ever consent to Defendants actually obtaining, disclosing or using his private information for anything but official law enforcement business.

41. At no time did Defendants have a lawful or permissible reason for accessing Plaintiff's restricted personal information.

42. Each Defendant has invaded the legally protected interests under the DPPA of Plaintiff by accessing, using, or obtaining his personal information and highly restricted personal information for no permissible purpose under the DPPA.

43. Defendants obtained and/or used Plaintiffs' personal information for purposes not permitted under the DPPA.

44. Defendant Henry, at the direction or in concert with Defendant Stacey Perry, acted within the course and scope of his or her employment when they obtained, disclosed or used Plaintiff's personal information from DAVID for an impermissible purpose.

45. Plaintiff has suffered and continues to suffer damages as a result of the impermissible disclosure, use, and obtaining of their personal information.

46. The Plaintiff's injuries are precisely the harms that Congress sought to prevent by enacting the DPPA and its statutory remedies.

47. The Defendants knew or should have known that their actions related to Plaintiff's personal information were in violation of the DPPA.

48. Plaintiff is entitled to a monetary award and liquidated damages equal to at least $2,500 for each violation of the DPPA. 18 U.S.C. § 2721(b)(1).

49. Each Defendant willfully and recklessly disregarded the law, entitling Plaintiff to punitive damages under the DPPA.  18 U.S.C. § 2721(b)(2).

50. Plaintiff is entitled to recover their attorneys' fees and costs reasonably and necessarily incurred in bringing this action.  18 U.S.C. § 2721(b)(3).

WHEREFORE, Plaintiff situated asks this Honorable Court to enter an award and order which:

- Finds the Defendants to have acted in violation of the Driver's Privacy Protection Act;

- Determines the number of violations to which each Defendant contributed, and enters judgment for damages for Plaintiff in an amount equal to or greater than the liquidated amount of $2,500 per violation;

- Finds the Defendants' violations to have been willful or in reckless disregard for the Driver's Privacy Protection Act, and enters judgment for punitive damages;

- Awards to Plaintiffs the reasonable and necessary attorneys' fees and costs incurred in successfully prosecuting this action; and

- Awards such other relief as may be just and equitable.

### COUNT II: 42 U.S.C. § 1983

**Violation of Plaintiffs' Civil Rights**
*Against All Defendants*

51. Plaintiff realleges and incorporates the allegations of above paragraphs 1 through 50.

52. At all material times, The City and BPD possessed actual and constructive knowledge of violations of the DPPA by its employees. The City and BPD implemented policies and procedures required by the agreement by which they were given access to DAVID designed to protect the personal information contained in DAVID from being illegally accessed or misused.

53. Despite the knowledge of the misuse of DAVID, the City and BPD failed or refused to follow the policies and procedures it put in place to protect Plaintiff's personal information in DAVID. The City and BPD did so with deliberate indifference to the federally-protected rights of those persons whose information has been wrongfully accessed.

54. The City and BPD were aware that the policies and procedures they put in place to protect personal information in the DAVID system were inadequate and failed to protect such information. Despite this knowledge, the City and LPD failed to implement additional policies and procedures that would ensure the protection of the personal information contained in DAVID, including Plaintiff's personal information.

55. The City and BPD failed to train, monitor, supervise, and properly discipline its employees who unlawfully accessed the private driver's license information of citizens, including Plaintiff, without a proper, lawful, permissible, justifiable purpose for doing so. The City and BPD's deliberate indifference toward the civil rights of Plaintiff is evidenced by the number of times its employees were able to access Plaintiff's personal information in DAVID.

56. The City and BPD's lack of concern evidences a deliberate indifference both to the problem of unauthorized access, and to its deprivation of Plaintiff's federally-protected rights.

57. The unfettered access to DAVID which the City and BPD has given to its employees in the course and scope of their employment and which has resulted in the deprivation of Plaintiff's civil rights, was so common within the BPD that giving such unfettered access and tolerating violations of the DPPA constitutes an official custom or practice well known to the City and BPD.

58. The City, Henry, Stacey Perry and BPD's acts constitute a violation of the DPPA.

59. Defendant Henry and Stacey Perry were aware that they were violating the DPPA at the time they accessed Plaintiff's protected personal information.

60. To the extent the customs and practices of the City and BPD's employees which violated the DPPA are a deviation from written rules set down by the City or BPD, these formal rules are widely and intentionally disregarded.

61. Given the City and BPD's failure to monitor and enforce appropriate rules relating to DAVID, the aforementioned customs and practices were condoned and ratified by, and attributable to the City and BPD.

62. The prevalence of this custom, the lack of monitoring regarding these access practices and the failure to take action to stop or prevent these practices, demonstrate that the City and BPD are deliberately indifferent to the federal statutory and constitutional rights of the Plaintiff, whose information has been wrongfully and unlawfully accessed.

63. As a direct and proximate result of the acts and omissions of the City and BPD, Plaintiff has suffered damages.

64. The City and BPD's indifference to its employees' deprivations of Plaintiff's civil rights was and is so reckless and in such callous disregard for the rights of the Plaintiff that punitive damages should be assessed against them and in favor of Plaintiff.

WHEREFORE, Plaintiff asks this Honorable Court to enter an award and order which:

- Finds that Henry, Stacey Perry, the City and BPD to have violated Plaintiff's rights under the Driver's Privacy Protection Act, and to have enabled and sanctioned violations of Plaintiff's rights under the Driver's Privacy Protection Act by others, violations which it is charged by law with restraining and preventing, and enters judgment for damages under 42 U.S.C. § 1983;

- Finds that Henry, Stacey Perry, the City and BPD's violations to have been willful or in reckless disregard for Plaintiff's rights under the Driver's Privacy Protection Act, and enters judgment for punitive damages;

- Awards to Plaintiffs the reasonable and necessary attorneys' fees and costs incurred in successfully prosecuting this action, under 42 U.S.C. § 1988;

- Awards such other relief as may be just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial as to all issues which are so triable.

Dated: August 10, 2015           **DOGALI LAW GROUP, P.A.**

   s/ Geoffrey Parmer
_____
Andy Dogali, Trial Counsel
Fla. Bar No.: 0615862
Geoffrey E. Parmer
Fla. Bar No.: 989258
101 E. Kennedy Blvd., Suite 1100
Tampa, FL 33602
Telephone: (813) 289-0700
Facsimile: (813) 289-9435
Primary Email: adogali@dogalilaw.com
Secondary Email: reception@dogalilaw.com
*Attorneys for Plaintiff*